NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000760
14-DEC-2012
08:20 AM**

NO. CAAP-11-0000760

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
MICHAEL ROBLES, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 10-1-1469)

SUMMARY DISPOSITION ORDER
(By:  Foley, Presiding J., Leonard and Reifurth, JJ.)

Defendant-Appellant Michael Robles (Robles) appeals from the Judgment of Conviction and Sentence entered October 12, 2011 in the Circuit Court of the First Circuit[1] (circuit court). On September 9, 2010, Plaintiff-Appellee State of Hawai'i (State) indicted Robles for second degree murder in the death of Charlys Tang (Tang), which occurred May 1, 2010.  In a jury-waived trial, the circuit court found Robles guilty of manslaughter in violation of Hawaii Revised Statutes (HRS) § 707-702 (Supp.

---

[1] The Honorable Dexter D. Del Rosario presided.

2011)[2] and sentenced Robles to incarceration for a term of twenty years and $10,000 in restitution.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude this appeal is without merit.

On appeal, Robles contends the circuit court erred in finding him guilty of reckless manslaughter despite a lack of sufficient evidence. Robles claims the record does not support the finding that but for Robles's reckless conduct, Tang would not have died.

The test to determine sufficiency of the evidence is whether substantial evidence supports the conclusion of the trier of fact. State v. Matavale, 115 Hawai'i 149, 157-58, 166 P.3d 322, 330-31 (2007). This court need not determine whether guilt is established beyond a reasonable doubt, but whether substantial evidence supports each material element of the offense. Id. Substantial evidence is "credible evidence which is of sufficient quality and probative value to enable a [person] of reasonable caution to support a conclusion." State v. Batson, 73 Haw. 236, 248-49, 831 P.2d 924, 931 (1992). Evidence must be "viewed in light most favorable to the prosecution[.]" State v. Bayly, 118 Hawai'i 1, 6, 185 P.3d 186, 191 (2008) (internal quotation marks omitted).

In this case, the circuit court convicted Robles of manslaughter. The State had the burden to produce credible evidence that Robles caused the death of Tang and that Robles did

---

[2] HRS § 707-702 (Supp. 2011) provides in relevant part,

**§707-702 Manslaughter.** (1) A person commits the offense of manslaughter if:

(a) The person recklessly causes the death of another person[.]

so recklessly.  State v. Knight, 80 Hawai'i 318, 325, 909 P.2d 1133, 1140 (1996).

The State presented eyewitness testimony that three males were quarreling in front of a taxicab in Waipahu and soon after two males were seen running from the area.  The eyewitness found Tang, the driver of the taxicab, laying face-up in a pool of blood.  Robles testified that on May 1, 2010, he and Kilani Derego (Derego) traveled by taxicab to Waipahu.  Robles testified that after the taxicab arrived in Waipahu, an altercation took place between the driver, Tang, and Derego.  On cross-examination, Robles testified to kicking Tang more than once during the altercation and that he may have kicked Tang in the head.  Robles practiced Muay Thai and mixed martial arts.  A medical expert testified that Tang died from complications of blunt force trauma to the brain.  Clearly, sufficient evidence supports Robles's conviction.

Therefore,

IT IS HEREBY ORDERED that the Judgment of Conviction and Sentence entered October 12, 2011 in the Circuit Court of the First Circuit is affirmed.

DATED:  Honolulu, Hawai'i, December 14, 2012.

On the briefs:

William H. Jameson, Jr.
for Defendant-Appellant.

James M. Anderson,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

3